OPINION
{¶ 1} Defendant-appellant Kemnejer Alexander appeals the June 18, 2004 Judgment Entry of the Stark County Court of Common Pleas classifying him as a child victim oriented offender. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On June 18, 2004, via judgment entry, the trial court classified appellant as a child victim oriented offender pursuant to R.C. Sections2950.01 through 2950.99, based upon appellant's prior conviction on an offense where the victim was under eighteen years of age.
 {¶ 3} Appellant's prior conviction stemmed from a September 23, 1994 delinquency complaint in the Stark County Court of Common Pleas, Juvenile Division, alleging three counts of abduction and one count of felonious assault. Appellant plead not true to the complaint at a September 26, 1994 hearing.
 {¶ 4} Following a bindover proceeding, appellant's case was transferred to the General Division. On February 3, 1995, appellant was indicted on one count of felonious assault, in violation of R.C. 2903.11, two counts of kidnapping, in violation of R.C. 2905.01 and one count of abduction, in violation of R.C. 2905.02. Appellant plead guilty to the indictment on March 22, 1995. The trial court sentenced appellant to an aggregate prison term of seven to twenty-five years.
 {¶ 5} On June 11, 2004, the State requested the trial court adjudicate appellant a child victim oriented offender pursuant to H.B. 5, under the provisions of Ohio's sexual predator laws, including classification of an offender accused of offenses where the victim is under eighteen years of age. On June 16, 2004, appellant filed a motion to dismiss on ex post facto and retroactivity grounds, a motion to dismiss on double jeopardy grounds, a motion to have H.B. 5 declared unconstitutional, and a motion for expert witness fees to facilitate psychological evaluation for classification. The trial court overruled the motions. On June 16, 2004, the trial court conducted a hearing pursuant to H.B. 5, and on June 18, 2004, classified appellant as a child victim oriented offender.
 {¶ 6} It is from the June 18, 2004 Entry appellant now appeals, assigning as error:
 {¶ 7} "I. The trial court erred as a matter of law in classifying the defendant under house bill 5 (herein H.B.5) when classification is against the manifest weight and sufficiency of the evidence.
 {¶ 8} "II. The trial court erred in overruling appellant's motion to dismiss the H.B.5 proceedings against him on ex post facto grounds.
 {¶ 9} "III. The trial court erred in overruling appellant's motion to dismiss the H.B.5 proceedings against him on the retroactive application grounds.
 {¶ 10} "IV. The trial court erred in overruling appellant's motion to dismiss the H.B.5 proceedings against him on double jeopardy grounds.
 {¶ 11} "V. The trial court erred in overruling appellant's motion to dismiss because H.B.5 is unconstitutionally vague.
 {¶ 12} On July 31, 2003, the Ohio Legislature enacted H.B. 5, amending R.C. Section 2950.01 and expanding H.B. 180, providing for classification and registration of defendants charged with offenses when the victim is under the age of eighteen and is not a child of the offender. H.B. 5 provides for classification if the offender is charged with a "child victim oriented offense." Abduction, in violation of R.C. 2905.02, is included within the list of child victim oriented offenses.
 {¶ 13} R.C. 2950.01(S) states:
 {¶ 14} "(S)(1) "Child-victim oriented offense" means any of the following:
 {¶ 15} "(a) Subject to division (S)(2) of this section, any of the following violations or offenses committed by a person eighteen years of age or older, when the victim of the violation is under eighteen years of age and is not a child of the person who commits the violation:
 {¶ 16} "(i) A violation of division (A)(1), (2), (3), or (5) of section 2905.01, of section 2905.02, 2905.03, or 2905.05, or of former section 2905.04 of the Revised Code"
 {¶ 17} Classification as a child victim oriented offender is by operation of law. R.C. 2950.041.
 I {¶ 18} In the first assignment of error, appellant maintains the trial court's classifying him as a child victim offender is against the manifest weight of the evidence. Accordingly, on appeal, we will not disturb the ruling of the trial court as long as the judgment is supported by some competent, credible evidence going to all the essential elements of the case. C.E. Morris v. Foley Construction (1978),54 Ohio St.2d 279.
 {¶ 19} Appellant asserts there is insufficient evidence to establish the victim of the abduction charge was under eighteen years of age at the time appellant committed the offense. Specifically, appellant argues the juvenile complaint admitted at the June 16, 2004 hearing is insufficient evidence as it does not conclusively demonstrate the victim at issue was under eighteen at the time of the offense. Further, the indictment to which appellant plead guilty did not establish the age of the victim.
 {¶ 20} At the June 16, 2004 hearing the state introduced the September 23, 1994 juvenile complaint, wherein the following exchange took place:
 {¶ 21} "MS. BARR: State's Exhibit number 1 is a Complaint filed in Juvenile Court on September 23rd of 1994, in Case number JU-86959, charging the Defendant with one count of abduction, the victim being Savanah Hall, age three years old. And, Your Honor, this document, as with all of the documents, we would ask that the Court accept those and admit those as self-authenticating documents as they are part of the court file. The State possesses a copy, but the original that is in the court file is certainly under seal and has a eal on it.
* * *
 {¶ 22} "MS. POWERS: Your Honor, we would object to the admission of this document on the basis that it is irrelevant and insufficient to prove the age of the child. While it does have the word `age' and then `3' following that, there is no birth date listed, there is not other information with regard to the child with regard to age, with regard to any circumstances surrounding the child, and, in fact, the original complaint lacks a to-wit section so we don't even have that factual basis.
 {¶ 23} "I would indicate, for the record, that the Prosecutor has researched her file and was unable to find any documentation of the child's age, and the Court did research the court jacket. And, other than this document, the Court was unable to find any information with regard to the age of the child or any factual matter with regard to Savanah Hall.
 {¶ 24} "I would indicate that we would object to the admission of this document as the sole proof that this Savanah Hall is a person under the age of 18. I would indicate that we contend that this is insufficient evidence and that this document is irrelevant without further information contained therein.
* * *
 {¶ 25} "THE COURT: Very well. The Court is satisfied with the authenticity, also is satisfied with the contents of this document, it is a notarized document. Mr. Alexander, at trial, was represented by counsel and so the Court is satisfied with the contents of this document. Also, that it is one which is prepared in the normal course of business. So the objection is overruled." Tr. at 17-21.
 {¶ 26} We recognize appellant answered not true to the juvenile complaint on September 26, 1994 at the hearing before the juvenile court. In addition, while appellant's counsel properly objected to the introduction of the juvenile complaint as evidence, the trial court overruled the motion and admitted the juvenile complaint as evidence. However, we note, appellant does not separately assign as error the trial court's admission of the juvenile complaint. Therefore, we presume the admission of the juvenile complaint as evidence was proper, and find the trial court appropriately considered the complaint as evidence in determing the age of Savannah Hall at the time of the offense.
 {¶ 27} Accordingly, the trial court had before it competent, credible evidence going to this essential element, and because the sworn juvenile complaint indicated the victim of the abduction was three years old, the court had sufficient, competent evidence before it to classify appellant as a child victim oriented offender.
 {¶ 28} The first assignment of error is overruled.
 II, III, IV, V {¶ 29} Appellant's second, third, fourth and fifth assignments of error raise common and interrelated issues; therefore, we will address the assignments together.
 {¶ 30} In assignments II and III, appellant argues the trial court erred in denying his motion to dismiss based upon the retroactive application of Chapter 2950. We overrule these assignments of error based upon the Ohio Supreme Court's decision in State v. Cook, 83 Ohio St.3d 404,1998-Ohio-291.
 {¶ 31} In assignments IV and V, appellant further argues H.B. 5 violates the constitutional prohibition against double jeopardy and is void for vagueness. We overrule these assignments of error based upon the Ohio Supreme Court's decision in State v. Williams, 88 Ohio St.3d 513,2000-Ohio-428.
 {¶ 32} The June 18, 2004 Judgment Entry of the Stark County Court of Common Pleas classifying appellant as a child victim oriented offender is affirmed.
Hoffman, J., Boggins, P.J. and Farmer, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Stark County Court of Common Pleas is affirmed. Costs assessed to appellant.